IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AT&T Mobility Services, LLC, | Case No. 1:19cv2539 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Robert Boyd, | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

Currently pending are Defendant Robert Boyd's ("Boyd") (1) Motion to Continue Hearing Scheduled for September 23, 2020 ("Motion to Continue"); and (2) Motion for Leave to File Amended Exhibit List Instanter to Add Newly Discovered Evidence ("Motion to Amend Exhibit List"). (Doc. Nos. 34, 35.) Plaintiff AT&T Mobility Services, LLC ("AT&T") opposes both motions. (Doc. No. 36.) For the following reasons, Defendant's Motions (Doc. Nos. 34, 35) are DENIED.

I. **Background**

On October 30, 2019, AT&T moved to compel arbitration of Boyd's claims against it, which are pending in state court. (Doc. No. 3.) On February 3, 2020, the Court determined that an evidentiary hearing on AT&T's motion was necessary and reserved two and a half hours for a hearing on February 18, 2020 on the narrow issue of "whether there exists an enforceable arbitration agreement between Plaintiff and Defendant." (Doc. No. 15.) That hearing had to be rescheduled multiple times, once due to the COVID-19 pandemic, but a final date was eventually set for August 28, 2020. (*See* May 1, 2020 Non-Doc Order.)

Prior to the hearing, Boyd failed to timely file his witness and exhibit lists. The Court ordered that the parties file their witness and exhibit lists five business days before the hearing—meaning

August 21, 2020—yet Boyd did not file either list until August 24, 2020. (*See* Doc. Nos. 15, 27, 28.)[1] As a result, AT&T filed a Motion in Limine to exclude from evidence any testimony from witnesses that Boyd failed to disclose to AT&T by the Court's deadline. (Doc. No. 29.) Boyd did not respond to AT&T's Motion in Limine prior to the hearing.[2]

At the August 28, 2020 hearing, a substantial amount of time was devoted to addressing Boyd's failure to comply with the Court's deadline. Despite extending the hearing to a full three hours, the parties were unable to present all of their intended witnesses. At the conclusion of the hearing, AT&T's counsel estimated that it would require about another hour to present its two remaining witnesses, while Boyd's counsel indicated she would need about an hour and a half to present Boyd's three witnesses. As such, in accordance with the parties' availability, the Court set aside three hours—providing more time than the parties estimated was required in order to allow for unexpected delays—to reconvene and conclude the hearing on September 23, 2020 starting at 1:00 PM. (*See* September 3, 2020 Non-Doc Order.)

**II.  Motion to Continue**

In Boyd's Motion to Continue, Boyd now asserts that the hearing should be rescheduled because he believes it is unlikely that two hours will be enough time for five witnesses to testify, a few more weeks of delay will not prejudice AT&T, and Boyd deserves a full opportunity to testify

---

[1] Boyd's counsel contacted the Court's courtroom deputy regarding her witness and exhibit lists, but never filed for an extension of time or otherwise requested any exception to the Court's imposed deadline. As the Court explained during the August 28, 2020 hearing, communications with the Court's courtroom deputy are not the equivalent of requesting an extension from the Court. Relatedly, the Court notes that the parties' practice of including the Court's courtroom deputy on email discussions amongst themselves regarding availability and other matters is highly inappropriate. Counsel for both parties are directed to cease copying the chamber's email address on such discussions and to only email the Court's courtroom deputy when communicating final, agreed upon dates or other appropriate matters.

[2] At the August 28, 2020 hearing, Boyd's counsel represented that she filed an opposition to AT&T's Motion in Limine that "morning," but the electronic notice of the filing stated that it was entered at 2:16 PM—more than forty-five minutes after the hearing began.

2

that he did not agree to arbitration. (Doc. No. 34.) In opposition, AT&T argues that the Federal Arbitration Act requires courts to address the venue question quickly so the parties can get on with the merits of their dispute in the right forum, all the parties and witnesses are available for the hearing as currently scheduled, and there is no reason the parties cannot proceed and conclude the hearing on the mutually-selected date. (Doc. No. 36 at 1-3.) AT&T also notes that its availability for a continued hearing on another date in late September through November is extremely limited. (*Id.* at 2.)

The Court finds that Boyd has not provided a sufficient reason to reschedule the hearing. The hearing is scheduled for three hours, not two. Boyd's own counsel estimated Boyd's witnesses could be presented in an hour and a half, while AT&T's counsel estimated its remaining witness should only take about an hour to testify. Three hours should provide ample time for both parties to present their remaining evidence. Thus, the Court finds Boyd's concern over the limited time allotted for the hearing unavailing, and Boyd's Motion to Continue is denied.

### III. Motion to Amend Exhibit List

In Boyd's Motion to Amend Exhibit List, Boyd asserts that he discovered new evidence on a water-logged phone after the August 28, 2020 hearing and seeks to introduce this new evidence at the continued hearing. (Doc. No. 35.) While Fed. R. Civ. P. 15(a) by its terms only applies to pleadings, Boyd asserts that the amendment of his exhibit list should be permitted under Rule 15(a)'s liberal standard because AT&T would not be prejudiced, Boyd could not have discovered the evidence earlier, and his request is made in good faith. (*Id.* at 2-4.) In response, AT&T argues that Boyd already failed to comply with the Court's order that exhibits and witnesses be disclosed no later than August 21, 2020, and that with no valid excuse, Defendant asks again for permission to introduce evidence that should have been identified and produced to AT&T before the first hearing day. (Doc.

3

No. 36 at 3.) AT&T points out that Boyd offers no explanation regarding previous attempts to access the purportedly relevant information prior to the first hearing day. (*Id.*) Further, AT&T notes that Boyd claims to have discovered the new evidence on August 31, 2020, yet waited approximately three weeks and until a few days before the hearing to file his Motion to Amend Exhibit List. (*Id.*) Finally, AT&T argues that even if Boyd's lateness could be excused, the proposed exhibits are irrelevant, since, with one exception, Boyd's proposed exhibits consist only of photos and social media postings about other events that occurred after the agreement to arbitrate had already been formed. (*Id.* at 4.) According to AT&T, the sole document within the relevant timeframe is a photograph of him at a social gathering. (*Id.* at 4 n.1.)

The Court agrees with AT&T that Boyd's Motion to Amend Exhibit List should be denied both for its untimeliness and lack of relevance of the proposed evidence. The Court initially set an evidentiary hearing in this matter on February 3, 2020, meaning Boyd had over six months prior to the August 28, 2020 hearing date to investigate the issues in this case. Boyd has provided no explanation as to why he could not access these newly discovered documents during that time or even what efforts he took to do so. Moreover, Boyd fails to explain why any of these newly discovered documents are relevant to the narrow issues to be addressed at the evidentiary hearing. As such, Boyd's Motion to Amend Exhibit List is denied.

### IV. Conclusion

For the reasons set forth above, Boyd's Motion to Continue Hearing Scheduled for September 23, 2020 (Doc. No. 34) and Motion for Leave to File Amended Exhibit List Instanter to Add Newly Discovered Evidence (Doc. No. 35) are DENIED.

**IT IS SO ORDERED.**

Date: September 21, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE